950 F.2d 797
 292 U.S.App.D.C. 388
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America,
v.
Eric COOK, Appellant.
 No. 90-3167.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 11, 1991.
 
 Before MIKVA, Chief Judge, and SILBERMAN and RANDOLPH, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record from the United States District Court for the District of Columbia and on the briefs and arguments of the parties. The arguments have been accorded full consideration by the court and occasion no need for a published opinion. See D.C.Cir.Rule 14(c).
 
 
 2
 Appellant Eric Cook argues that an officer could not reasonably have suspected that he was armed after noticing a bulge in his sweatshirt. We disagree. "Once the officer had seen the bulge," Judge Penn found, "he certainly had a right to ask Mr. Cook to step out of the car for their own safety. When Mr. Cook stepped out of the car, the officer had a right to pat him down." In Pennsylvania v. Mimms, similarly, the "bulge in the jacket permitted the officer to conclude that [appellant] was armed and thus posed a serious and present danger to the safety of the officer. In these circumstances, any man of 'reasonable caution' would likely have conducted the 'pat down.' " 434 U.S. 106, 112 (1977). We need not reach Mr. Cook's argument that the search falls short of the "plain touch" standards enunciated in United States v. Williams, 822 F.2d 1174, 1884 (D.C.Cir.1987), since we think it was justified by Terry v. Ohio, 392 U.S. 1 (1968). Once the officer frisking Mr. Cook felt an object that might reasonably have been a weapon, it was permissible for the officer to reach into Mr. Cook's sweatshirt and withdraw the object into plain view, where it became apparent that the object was actually contraband.
 
 
 3
 ORDERED and ADJUDGED that appellant's conviction be affirmed.